### UNITED STATES v. PESKOE.

### No. 9104.

Circuit Court of Appeals, Third Circuit.

Reargued Oct. 15, 1946.

Decided Nov. 14, 1946.

Frederic M. P. Pearse, of Newark, N. J., for appellant.

Grover C. Richman, Jr., Asst. U. S. Atty., of Camden, N. J., for appellee.

Before MARIS, GOODRICH and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

The defendant was convicted upon a charge of having violated the Selective Training and Service Act of 1940, as amended.[1] Upon this appeal from the judgment of conviction the defendant asserts that the indictment does not charge an offense and consequently that the District Court erred in denying the defendant's preliminary motion to quash and dismiss the indictment. He also urges that the trial judge erred in refusing to direct a verdict of acquittal. We shall first consider the adequacy of the indictment.

Section 11 of the Act describes seven substantive offenses,[2] of which only the two described in the second and third clauses of the section can have any relevancy here. They read: "Any person charged as herein provided with the duty of carrying out any of the provisions of this Act, or the rules or regulations made

---

[1] 50 U.S.C.A.Appendix, § 301 et seq.
[2] 50 U.S.C.A.Appendix, § 311. See

Singer v. United States, 1945, 323 U.S. 338, 341, 65 S.Ct. 282, 89 L.Ed. 285.

or directions given thereunder, [1] * * * [2] who shall knowingly make, or be a party to the making, of any false, improper, or incorrect registration, classification, physical or mental examination, deferment, induction, enrollment, or ·muster, and [3] any person who shall knowingly make, or be a party to the making of, any false statement or certificate as to the fitness or unfitness or liability or nonliability of himself or any other person for service under the provisions of this Act, or rules, regulations, or directions made pursuant thereto, * * * shall, upon conviction in the district court of the United States having jurisdiction thereof, be punished * * *".

The defendant contends that the indictment does not charge the offense described in the second clause which consists of the making of a false, improper or incorrect classification, because there is no averment that the defendant was in fact classified improperly by reason of the alleged false statement. He contends further that it does not charge the offense described in the third clause, which consists of the making of a false statement as to the liability or nonliability for service under the provisions of the Act, because though the indictment contains an averment as to the making of a false statement by the defendant for the purpose of obtaining an incorrect classification it contains none as to his liability or nonliability for service.

The pertinent averments in the indictment are that:

"* * * Max Louis Peskoe was a registrant with Selective Service Board Number 2 * * * in accordance with the provisions of the * * * Selective Training and Service Act of 1940, * * * and being required by law and charged with the duty to * * * truthfully inform the * * * Board * * * of his true and correct status; in order to induce and persuade the said board to place * * * Max Louis Peskoe in a classification to which he was not lawfully entitled and with intent that the said * * * board * * * might be induced * * * to give and allow * * * Max Louis Peskoe a classification to which he was not entitled by reason of being a member of the land or naval forces of the United States,

did * * * send * * * a certain letter * * * to wit:

'February 10, 1942

Dear Sir:

My status has not been changed.

Sincerely,

/c/ Max Peskoe.'

having previously informed the said * * * Board by letter under date of May 14, 1941 as to his eligibility and liability for military service in the following manner, to wit:

'May 14, 1941

Gentlemen:

I wish to advise that at the present time I hold a Commission of Second Lieutenant in the In-Active Reserves of the U.S. Army, having secured this Commission after the completion of four years R.O.T.C. at Rutgers University in 1929. I believe this information will eliminate the necessity of filling out the enclosed form. I will be glad to furnish any further information that you may desire.

Sincerely yours,

/s/ Max Peskoe'

which * * * letter was false * * * and known to * * * Max Louis Peskoe to be false * * * in this * * * that * * * Max Louis Peskoe did not hold a commission of Second Lieutenant on May 14, 1941, * * * Max Louis Peskoe having been advised by the War Department that his commission of Second Lieutenant had terminated on July 24, 1939 * * *."

It is true, as asserted by the defendant, that the indictment contains no averment that an improper classification of him was made and consequently does not charge the offense described in the second clause of the section. It is not true that the indictment lacks an averment that the false statement was directed to the defendant's liability or nonliability to serve under the provisions of the Act and consequently charges no offense under the third clause of the section. The statement that the defendant held a commission of Second Lieutenant in the "In-Active Reserves of the U.S. Army" after having completed four years training in the Reserve Officers Training Corps might quite properly support a finding by a jury that the defendant

had stated to his local board that he held a commission of Second Lieutenant in the Officers Reserve Corps. Such a fact bears directly upon the duty to register and to train and serve pursuant to the provision of Section 3(b) of the Act. For section 5(a) of the Act[3] provides, inter alia, that "Commissioned officers * * * of the * * * Officers' Reserve Corps * * * shall not be required to be registered under section 2 and shall be relieved from liability from training and service under section 3(b)." It follows that the indictment does charge one of the substantive offenses described in section 11 of the Act, namely the offense described in the third clause of the section, and that the motion to quash and dismiss the indictment was properly denied by the District Court.

We turn next to the contention that the trial judge erred in refusing to direct a verdict of acquittal for the defendant. The defendant asserts that there is a total absence of evidence as to a criminal intent on the part of the defendant and that the evidence produced at the trial does not support the charge. The facts which the evidence tended to establish were as follows:

The defendant is a member of the Bar of the State of New Jersey but does not practice his profession. Since 1936 he has been continuously engaged in the wholesale automotive parts business. He graduated from Rutgers University in 1929. While a student at Rutgers he had taken a four years course in the Reserve Officers Training Corps and thereafter took six weeks additional training at Plattsburg, New York. In 1929 he was commissioned a Second Lieutenant of Infantry in the Officers Reserve Corps of The Army of the United States. The commission by its terms expired in five years. In 1934 he was again commissioned a Second Lieutenant for five years. The defendant did not have his 1934 commission again renewed and it expired by its terms in 1939. On July 27, 1939, the War Department informed the defendant by letter that his commission in the Officers Reserve Corps had terminated.

Following the enactment of the Selective Training and Service Act of 1940 the defendant registered with his local draft board. In May 1941 he received a questionnaire with instructions to return it to his board after the information requested was filled in. He might at that time have requested a deferment upon several grounds. He was living with his wife to whom he had been married in 1931 and who depended upon him for her entire support. His eyesight was below the standards established by the Army for acceptance of men into the service. He was engaged in an essential occupation, so treated by his own board since at least one of his employees who was registered with the same board had been and was continuously deferred for the duration of the war by reason of his occupation. However, he did not fill in the questionnaire but on May 14, 1941, returned his questionnaire to the board with the letter set out in the indictment which we have already quoted.

To this letter the board replied on May 16, 1941, "This Board would like to have something to substantiate your statement that you are a Second Lieutenant in the inactive reserve of the U.S. Army." In response to this request the defendant brought with him to the office of the board on May 21, 1941, the commission which had been issued to him in 1934 and exhibited it to the clerk who interviewed him. The clerk examined the commission and then returned it to the defendant. By its terms the commission was "to continue in force for a period of five years" from July 25, 1934. The clerk made the following notation on the May 16th letter as to the purport of the interview:

"May 21, 1941
4 Yrs R.O.T.C. training
Rutgers
Rec'd Commission 1929."

The letter with the above notation was included in the registrant's file and was available to the board members. It does not appear, however, that the clerk informed the members of the board that the defendant had exhibited a later commission than the 1929 one to which reference was made in her notation and that even this later commission expired by its terms in 1939.

---

[3] 50 U.S.C.A.Appendix, § 305(a).

In the meantime, apparently on May 17, 1941, the board had placed the defendant in Class 1-C, a classification which was applicable to members of the armed forces.[4] The next communication from the board was a letter dated February 6, 1942, in which appeared the following "We would thank you to advise us of your present status since the declaration of war." The defendant's reply, dated February 10, 1942, consisted of the one sentence letter quoted in the indictment: "My status has not been changed." The defendant remained in Class 1-C until July, 1944, when, by reason of information received by the board from the Adjutant General that the defendant's commission as Second Lieutenant had terminated on July 24, 1939, the defendant was taken out of Class 1-C and placed in Class 1-A. In November, 1944, he received an occupational deferment and was placed in Class 2-A. All the above facts are undisputed except the receipt by the defendant of the Adjutant General's letter of July 27, 1939, informing him of the termination of his 1934 commission. The defendant testified that he did not receive this letter. The date of the filing of the questionnaire is also in dispute, the defendant asserting that it was filed in May, 1941, complete except for the jurat. The date of the jurat is March 5, 1942, and the government contends that the questionnaire was not actually filed until that date.

■ The defendant argues that since he might have obtained a deferment upon any one of several grounds it is apparent that his purpose in writing the two letters quoted in the indictment could not have been to avoid service. The defendant quite properly might have and no doubt did argue to the jury that since there was no need for him to manufacture a ground for avoiding service in the light of his marital, physical and occupational circumstances, a reasonable inference would be that he wrote the two letters under a misconception as to the effect to be given a lapsed commission rather than with the intent to avoid service.

The government might with equal justice bring to the jury's attention that whereas persons with dependents and persons in essential positions might be deferred from training and service persons holding commissions in certain branches of the armed forces were entirely exempt from such training and service and argue to the jury that the defendant preferred the status of being wholly exempt to that of being deferred. Be that as it may the trial judge was without authority to decide as a matter of law that the defendant lacked the criminal intent. It follows that the trial judge did not err in refusing to direct a verdict for the defendant on that ground.

The contention that the evidence does not sustain the charge in the indictment is based upon the method which the defendant employs in breaking down that evidence. Thus he eliminates the letter of May 14, 1941, because standing alone it could not support a prosecution begun on February 6, 1945, more than three years after its mailing.[5] On the other hand he asserts that the letter of February 10, 1942, though timely, cannot be the basis of the conviction because it was wholly truthful. For, he says, it must be taken to refer to his marital, physical and occupational status which had remained unchanged since the declaration of war in December, 1941. Even the matter of the commission had remained unchanged since the time he had exhibited it to the clerk of the local board and it disclosed that he no longer held a commission in the Officers' Reserve Corps. Once again the defendant would have the trial judge determine as a matter of law an issue which was wholly within the province of the jury to determine. They alone were empowered to ascertain whether the letter of February, 1942, was intended to refer to the defendant's letter of May, 1941, or to the interview which took place at the board's office.

■ The trial judge in his charge did instruct the jury "If you find from the evidence that the defendant on February 10,

---

4 Selective Service Regulations (2d Ed.) 622.15; C.C.H. Manpower Law Service, 13,022.

5 18 U.S.C.A. § 582: "No person shall be prosecuted, tried, or punished for any offense, not capital, * * * unless the indictment is found, or the information is instituted, within three years next after such offense shall have been committed."

1942, did not represent to the Draft Board that he was one of the persons who was exempt by law from training and service under the Selective Service Act, then your verdict must be 'not guilty' ". The jury was entitled to find and apparently did find that when the defendant sent his February, 1942, letter he reasserted the false statement originally made by him in the May 1941 letter. We conclude that there was sufficient evidence upon which the jury could return a verdict of guilty and that the trial judge did not err in refusing to direct a verdict of acquittal.

The judgment of the District Court will be affirmed.